DIMENSION GRAPHICS, INC., Plaintiff,

v.

PARADISE MAGAZINE, INC., d/b/a Worldwide Communications, Inc. d/b/a Worldwide Communications, Defendant.

Civil Action No. 96–2391–GTV.

United States District Court, D. Kansas.

April 18, 1997.

Thomas W. Harris, Shawnee, KS, for Dimension Graphics, Inc.

John R. Loss, Field, Gentry & Benjamin, P.C., Kansas City, MO, Amy Smith Parker, Field, Gentry & Benjamin, P.C., Overland Park, KS, for Paradise Magazine, Inc.

### MEMORANDUM AND ORDER

VAN BEBBER, Chief Judge.

This matter comes before the court on plaintiff's motion for summary judgment (Doc. 8) on defendant's counterclaim. Defendant has not responded, and the time for response has expired. D. Kan. R. 7.1. The court, therefore, will treat plaintiff's motion as uncontested. D. Kan. R. 7.4. For the reasons set forth below, the motion is granted.

### I. Factual Background

On December 11, 1995, Paradise Magazine, Inc., faxed a credit application to plaintiff Dimension Graphics, Inc. After investigating Paradise's credit references, plaintiff refused to provide credit to the magazine.

Also on December 11, 1995, Bruce Jacobson of Worldwide Communications faxed a credit application to plaintiff. Based on information contained in the application, plaintiff believed the company to be a valid New York corporation. Two days later, plaintiff faxed a printing agreement to Worldwide Communications under which plaintiff proposed to provide all printing services and materials necessary for the production of two

magazines entitled "Paradise Magazine" and "Leg Scene." On December 21, 1995, Ted Liebowitz of Worldwide Communications faxed to plaintiff an executed copy of the printing agreement. The agreement expressly stated that the parties to the contract were Dimension Graphics, Inc. and Worldwide Communications, Inc.

During the next several months, plaintiff, pursuant to the printing agreement, printed several editions of the two magazines and delivered the printed materials as directed. Plaintiff invoiced Worldwide Communications for the services it performed and the invoices were paid without deduction, reservation, or protest.

On May 16, 1996, plaintiff printed 113,000 copies of the September 1996 edition of Paradise Magazine, shipped the product according to instructions, and invoiced Worldwide Communications for $78,857.38. After Worldwide Communications refused to pay the invoice, plaintiff commenced a lawsuit in the District Court of Johnson County, Kansas on July 31, 1996. Defendant subsequently removed the case to this court.

On September 10, 1996, defendant filed a counterclaim in which it made three allegations. First, defendant averred that although it has occasionally done business under the trade name Worldwide Communications, its proper corporate name is Paradise Magazine, Inc. Defendant insisted that it has never been known as Worldwide Communications, Inc. Second, defendant claimed that plaintiff breached express and implied warranties in printing the September 1996 edition of Paradise Magazine. Third, defendant claimed that Paradise Magazine, Inc. lost revenues and profits as a result of plaintiff's breaches.

Defendant did not give, as the printing agreement requires, timely and written notice to plaintiff of the claimed defects in the printing of the September 1996 Paradise Magazine edition. Plaintiff, therefore, now seeks summary judgment on defendant's counterclaim.

### II. Summary Judgment Standards

In deciding a motion for summary judgment, the court must examine any evidence tending to show triable issues in the light most favorable to the nonmoving party. *Bee v. Greaves,* 744 F.2d 1387, 1396 (10th Cir. 1984). A moving party is entitled to summary judgment only if the evidence indicates "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine factual issue is one that "can reasonably be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. This burden may be discharged by "showing" that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party, who "may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 256, 106 S.Ct. at 2514. Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.*

### III. Discussion

Before proceeding to the merits of defendant's counterclaim, the court first must address a procedural matter. Plaintiff commenced this lawsuit against defendant Worldwide Communications, Inc. In both its notice of removal and answer/counterclaim, defendant pointed out that although it has transacted business under the trade name Worldwide Communications, its proper name is Paradise Magazine, Inc. Without amending its complaint or seeking an order from the court, plaintiff subsequently began captioning the case "Dimension Graphics, Inc. v. Paradise Magazines, Inc. d/b/a Worldwide Communications, Inc. d/b/a Worldwide Communications."

Plaintiff was correct that suit must be brought against the real party in interest. *See* Fed.R.Civ.P. 17(a). Plaintiff may not, however, add additional or substitute parties to the lawsuit without amending its complaint or seeking leave of court. *See* Fed.R.Civ.P. 15(a). There is apparently no dispute that Paradise Magazine, Inc. is the true corporate name of the entity with whom plaintiff entered into a printing agreement. The court, therefore, pursuant to Fed.R.Civ.P. 21, shall substitute Paradise Magazine, Inc. d/b/a Worldwide Communications, Inc. d/b/a Worldwide Communications as the proper defendant in this case.

The court now turns to the merits of defendant's counterclaim. The express terms of the printing agreement prohibit defendant from recovering lost revenues or profits from plaintiff in this action. Section 10(a) of the contract provides that plaintiff "shall not be liable for any and all special, consequential, or incidental damages, loss of profits and revenues or business losses or costs incurred by or payment allowances to others." Moreover, section 9 of the agreement mandates:

> The Customer shall provide Printer written notice of all claims for Printer's failure to meet the Performance Standards herein, damages or shortages within ten (10) days after delivery. Unless Printer receives written notice of such claim at Printer's place of business within ten (10) days after delivery, no such claim shall be enforceable against the Printer.

Although plaintiff delivered the September 1996 edition of Paradise Magazine on May 16, 1996, defendant did not raise any written objections to plaintiff's printing work until it filed a counterclaim to plaintiff's lawsuit on September 10, 1996. Defendant's dilatory objection precludes any recovery of damages. Accordingly, summary judgment is granted to plaintiff on defendant's counterclaim.

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff's motion for summary judgment (Doc. 8) on defendant's counterclaim is granted.

IT IS FURTHER ORDERED that Paradise Magazine, Inc. d/b/a Worldwide Communications, Inc. d/b/a Worldwide Communica-tions is substituted as the proper defendant in this lawsuit.

**IT IS SO ORDERED.**